UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN OWENS,[1] <br>                Plaintiff, <br> v. <br> STATE OF NEVADA, *et al.*, <br>                Defendants. | Case No. 2:22-cv-01986-GMN-VCF <br><br> SCREENING ORDER |

*Pro se* Plaintiff Justin Owens, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")),[2] a motion for a preliminary injunction (ECF No. 1-2), and has filed an application to proceed *in forma pauperis* (ECF No. 1). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of Plaintiff's motion for a preliminary injunction.

**I.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

---

[1] The Clerk's Office listed Plaintiff's last name as "Owen" when creating the name for this action; however, Plaintiff's actual last name is "Owens." The Court will refer to Plaintiff as Justin Owens.

[2] Plaintiff is attempting to bring a class action lawsuit. (ECF No. 1-1 at 1.) *Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, they do not have the authority to represent anyone other than themselves. *See Cato v. United* States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1987). As such, the Court denies Plaintiff's request to bring a *pro se* class action lawsuit.

immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In his Complaint,[3] Plaintiff sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants the State of Nevada,[4] Warden Calvin Johnson, Assistant Warden Oliver, Assistant Warden Scally, Lieutenant John Doe, and Sergeant John Doe.

---

[3] Inmate George "Ol Skool" Vontress, Jr. helped Plaintiff prepare the Complaint. (ECF No. 1-1 at 13.)

[4] While Plaintiff does not list the State of Nevada as a defendant in the Complaint, he lists it as a defendant in the caption of his application to proceed *in forma pauperis* (ECF No. 1 at 1) and in the caption of his motion for a preliminary injunction (ECF No. 1-2 at 1). To the extent Plaintiff intends to bring claims against the State of Nevada, the Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

(*Id.* at 2-3.) Plaintiff brings four claims and seeks monetary and injunctive relief. (*Id.* at 7-10, 13.)

Plaintiff alleges the following. On August 20, 2020, prison officials transferred Plaintiff to HDSP from Ely State Prison ("ESP"). (*Id.* at 4.) Prior to the transfer, Plaintiff "was programming as a Level I inmate, with Level I privileges." (*Id.*) After arriving at HDSP, HDSP officials stripped Plaintiff of his Level I privileges and placed him in administrative segregation without any disciplinary hearing. (*Id.*) Plaintiff was placed in belly chains while being moved to the segregated cell. (*Id.*) In addition, HDSP officials told Plaintiff that he could either have 15 minutes on the phone, or he could take a 15-minute shower. (*Id.*) This treatment lasted until October 29, 2020. (*Id.*)

During this 70-day period, Plaintiff claims he could not practice his religion, and he could not access the yard for recreation. (*Id.*) Unnamed HDSP officials told Plaintiff that the inmates that transferred from ESP could not use the yard. (*Id.*) On September 1, 2020, Plaintiff asked Lt. Doe and Sgt. Doe why he was placed in administrative segregation and why he lost his Level I privileges. (*Id.*) Sgt. Doe responded and told Plaintiff that Johnson, Oliver, and Scally implemented a restrictive policy concerning any inmates that transferred from ESP to HDSP. (*Id.* at 4-5.) The three wardens thought that because ESP was a maximum-security prison the inmates transferred from it to HDSP were a "threat to the security and safety of HDSP." (*Id.* at 5.) The inmates from ESP, like Plaintiff, would be stripped of all privileges and be recognized as Level III status. (*Id.*) Lt. Doe and Sgt. Doe told Plaintiff to "pass the word around." (*Id.*)

After this conversation, Plaintiff asked Lt. Doe and Sgt. Doe if they could give him three inmate request forms and the names of all the wardens at HDSP. (*Id.*) A correctional officer brought a copy of the face sheet of the inmate request form. (*Id.*) It appears, however, that Plaintiff did not receive the proper paperwork to file an inmate request. (*Id.*) The correctional officer told Plaintiff that Lt. Doe and Sgt. Doe stated that the correctional officer should only provide a copy of the inmate request forms to the inmates from ESP. (*Id.*) All the other inmates received the necessary three copies of the inmate request form.

(*Id.* at 10.) Plaintiff wrote to Johnson, Oliver, and Scally and informed them that his Level I privileges had been stripped without any sort of procedural due process and that the grievance process was not working properly. (*Id.* at 5.) Plaintiff did not receive a response from Johnson, Oliver, or Scally. (*Id.* at 6.)

Based on these allegations, Plaintiff raises a Fourteenth Amendment due process claim (claim 1), a Fourteenth Amendment denial of access to grievance procedures claim (claim 2), a First Amendment free exercise claim (claim 3), and a First Amendment claim regarding denial of access to the prison grievance system (claim 4), which this Court construes as a Fourteenth Amendment denial of access to grievance procedures claim.

### A. Fourteenth Amendment Due Process (Claim 1)

Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id.* "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* The Supreme Court held that a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. *See Hewitt*, 459 U.S. at 477 n.9. An inmate has the right to notice and the right to be heard. *Mendoza v. Blodgett*, 960 F.2d 1425, 1430 (9th Cir. 1992). The Ninth Circuit has held that where

the prisoner alleges material differences between the conditions in general population and administrative segregation, the prisoner's procedural due process claim should not be dismissed on the pleadings. *See Jackson v. Carey*, 353 F.3d 750, 755-57 (9th Cir. 2003).

The Court finds that Plaintiff states a colorable due process claim. Liberally construing the allegations in the Complaint, Johnson, Oliver, and Scally placed Plaintiff in administrative segregation without any sort of process because he was an inmate from ESP. In addition, Plaintiff was stripped of his privileges without a hearing or prior notice. Therefore, Plaintiff states a colorable due process claim against Defendants Johnson, Oliver, and Scally on screening.

### B. Fourteenth Amendment Denial of Access to Grievance Procedures (Claims 2 and 4)

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id.* at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). "[T]he object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Christopher v. Harbury*, 536 U.S. 403, 413, (2002).

In claims 2 and 4 of the Complaint, Plaintiff alleges that Johnson, Oliver, Scally, Lt. Doe, and Sgt. Doe interfered with the prison grievance system by ordering that the inmates from ESP only receive one copy of the inmate request form, not the necessary three copies. (ECF No. 1-1 at 8, 10.) The Court, therefore, treats these two claims as a single Fourteenth Amendment denial of access to grievance procedures claim.

The Court finds that Plaintiff fails to state a colorable denial of access to grievance procedures claim on screening. Plaintiff has failed to allege that the denial of access to the grievance procedures caused him an "actual injury" by prejudicing his ability to pursue a "nonfrivolous legal claim." *Lewis*, 518 U.S. at 349, 353. Plaintiff most likely cannot raise this claim at this time because he appears to be pursuing the same issues during this litigation that he said he could not raise in his grievances. Therefore, the Court dismisses Plaintiff's claim of denial of access to grievance procedures without prejudice with leave to amend. If Plaintiff seeks to raise this claim in an amended complaint, he should allege how Defendants, by name, caused him to suffer an "actual injury" by prejudicing his ability to pursue a nonfrivolous legal claim.

### C.    First Amendment Free Exercise (Claim 3)

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. Const. amend. I. The United States Supreme Court has held that inmates retain protections afforded by the First Amendment "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "In general, a plaintiff will have stated a free exercise claim if: (1) 'the claimant's proffered belief [is] sincerely held; and (2) 'the claim [is] rooted in religious belief, not in purely secular philosophical concerns.'" *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015). The Supreme Court has recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id*. "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

The Court finds that Plaintiff fails to state a colorable free exercise claim. In the Complaint, Plaintiff states in conclusory fashion that he was "deprived [of] any form of religious practi[c]es" because of his being placed in a segregated housing unit. (ECF No.

1-1 at 9.) Plaintiff does not allege how any of the Defendants prohibited him from exercising his right to free exercise of religion. Therefore, the Court dismisses Plaintiff's free exercise claim without prejudice with leave to amend.

### D.     Leave to Amend

Although the Court grants Plaintiff leave to amend, it does not grant Plaintiff leave to amend in any way that he sees fit. Plaintiff has leave to amend to allege additional true facts to show a First Amendment free exercise claim and a Fourteenth Amendment denial of access to grievance procedures claim. The Court does not give Plaintiff leave to assert new claims.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit, including the claim(s) found cognizable in this order. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will proceed on Plaintiff's due process claim.

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff filed a motion for a preliminary injunction. (ECF No. 1-2.) In the motion for a preliminary injunction Plaintiff reiterates the facts in the Complaint and requests that the Court compel the Defendants in this case to reinstate his Level I status, resubmit his good-time credits, and remove the negative notations placed on the NDOC files of the inmates transferred from ESP. (*Id.* at 2.)

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially the same for the injunction and the TRO"). Both are "extraordinary" remedies and "never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). The Supreme Court clarified that, to obtain an injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of the hardships tips *sharply* in the plaintiff's favor' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Furthermore, under the PLRA, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, while Plaintiff does state colorable claims in the Complaint, the Court finds that the injunctive relief that Plaintiff seeks is not narrowly drawn, and Plaintiff does not show that he would suffer irreparable harm if the Court does not provide the injunctive

relief he seeks. Therefore, the Court denies Plaintiff's motion for a preliminary injunction without prejudice. (ECF No. 1-2.)

**IV.    CONCLUSION**

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of Court correct the docket sheet to reflect Plaintiff's name as "Justin Owens" instead of "Owen."

It is further ordered that the motion for a preliminary injunction (ECF No. 1-2) is denied without prejudice.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that Plaintiff's attempt to file a class action lawsuit is denied.

It is further ordered that Defendant State of Nevada is dismissed with prejudice as amendment would be futile.

It is further ordered that Defendants Lt. Doe and Sgt. Doe are dismissed without prejudice.

It is further ordered that Plaintiff's Fourteenth Amendment due process claim (claim 1) will proceed against Defendants Johnson, Oliver, and Scally.

It is further ordered that Plaintiff's Fourteenth Amendment denial of access to grievance procedures claim (claims 2 and 4) is dismissed without prejudice with leave to amend.

It is further ordered that Plaintiff's First Amendment free exercise claim (claim 3) is dismissed without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the original complaint

(ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form, and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the Complaint, this action will proceed immediately on the Fourteenth Amendment due process claim.

DATED March 10, 2023.

_____
Gloria M. Navarro, Judge
United States District Court